UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**ANTHONY L. SMITH**
    Petitioner

v.                                                                                    No. 5:06CV-00183-R

**THOMAS SIMPSON, Warden**
    Respondent

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

The petitioner has filed a <u>pro-se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court upon the respondent's motion to dismiss, or alternatively, motion for "extension of time of 45 days from the date of this Court's order in which to respond to petitioner's claims" (Docket Entry No. 16). This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The present petition was filed on or about November 2, 2006 (Docket Entry No. 1). Subsequently, on or about May 15, 2007, the petitioner entered into a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), in the Jefferson Circuit Court to charges of bribery of a public servant (State Court Record, Docket Entry No. 16). The petitioner claims that his federal rights were violated by the state court's refusal to dismiss charges pursuant to the so-called "anti-shuttling" provision of Section 2, Article IV(e) of the Interstate Agreement on Detainers (IAD).

Section 2241 is the appropriate procedural vehicle for a prisoner to bring a challenge under federal law to charges pending against him in state court prior to disposition of those charges by the state court. Pursuant to section 2241, an inmate who is in custody may properly file a claim under the IAD "regardless of whether final judgement has been rendered and regardless of the present status of the case pending against him." *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir., 1981) see also *Nelson v. George*, 399 U.S. 224, 230 (1970).

Nevertheless, like section 2254, a challenge pursuant to section 2241 requires complete exhaustion of available state court remedies prior to federal involvement. "A body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, supra, at p. 546.

The petitioner states that he has exhausted his state court remedies for the following reasons (Docket Entry No. 1, pp. 4-5):

1. On May 3, 2006, he filed a petition for writ of habeas corpus in the Lyon Circuit Court and a motion to dismiss charges in the Jefferson Circuit Court in which he argued that there had been a violation of the IAD.

2. On June 30, 2006, the Lyon Circuit Court dismissed the petition, and on September 13, 2006, the Kentucky Court of Appeals affirmed.

3. During a pre-trial hearing, the Jefferson Circuit Court orally denied his motion to dismiss charges.

In his motion to dismiss, the respondent presents several alternative arguments. First, the respondent argues that, in light of the petitioner's failure to appeal the Jefferson Circuit Court's denial of the motion to dismiss charges "to a higher Kentucky court," the petitioner failed to fully exhaust his state court remedies (Docket Entry No. 16, p. 2). The magistrate judge concludes that the argument fails to acknowledge the petitioner's petition for relief in the Lyon Circuit Court and his unsuccessful appeal thereof to the Kentucky Court of Appeals. Kentucky Rules of Criminal Procedure (RCr) 12.05 provides that it is no longer necessary to file a motion for discretionary review with the Kentucky Supreme Court to exhaust state post-conviction remedies. See *Adams v. Holland*, 330 F.3d 398, 401-403 (6th Cir., 2003) (discussing the "opt-out" dicta in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), in the context of a Tennessee rule nearly identical to RCr 12.05). Therefore, the respondent's argument that the petitioner has failed to exhaust state court remedies is unpersuasive.

The magistrate judge observes in passing that the respondent has failed to provide this court with an adequate state court record. In fact, the only portion of the state court record which the respondent has submitted is evidence pertaining to the petitioner's *Alford* plea on or about May 15, 2007, after the filing of the present petition. Accordingly, in the event the respondent chooses to object to the foregoing conclusion that state court remedies have been adequately exhausted in this case, the respondent should submit, contemporaneously with his objections, copies of any and all portions of the state court record, including any oral or written motions, legal arguments and memoranda, rulings, transcripts, and video or tape recordings, pertaining to the petitioner's presentation or attempted presentation to the state courts of the issue of violation of any term of the IAD.

Next, the respondent argues that the petition is subject to dismissal pursuant to the "1-year period of limitation" established by 28 U.S.C. § 2244(d)(1). The cited statute provides that the period of limitation "shall run from the latest of" several triggering events, including "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The magistrate judge concludes that the present petition was filed <u>before</u> entry of judgment, hence, before the period of limitation commenced running. Therefore, the respondent's reliance upon the statute of limitations is unpersuasive.

Finally, the respondent argues that "[b]y entering ... a plea, petitioner waived all defenses other than the indictment charged no offense" (Docket Entry No. 16, p. 3). An unconditional guilty plea generally constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A plea of <u>nolo contendere</u> stands on equal footing with a guilty plea for purposes of the foregoing "waiver" rule. *North Carolina v. Alford*, 400 U.S. 25, 35-36 (1970). Moreover, "[t]he violation of a statutory provision such as Article IV(e) is not sufficiently important to deny a court jurisdiction to entertain a guilty plea where the defendant fails to raise the issue in a timely manner." *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir., 1981) quoting with approval *United States v. Palmer*, 574 F.2d 164, 167 (3rd Cir., 1978). However, in light of the Jefferson Circuit Court's denial of the petitioner's motion to dismiss charges prior to his pleading guilty, the magistrate judge concludes that the respondent has failed to convincingly show that the petitioner "failed to raise the [anti-shuttling] issue in a timely manner" as required to fall within the "waiver" rule of *Kowalak*. This is not a case in which a defendant's

"attorney ... advised him to plead guilty when she should have sought dismissal of the charges under the IADA" (*Baxter v. United States*, 966 F.2d 387, 389 (8th Cir., 1992)); "after [the defendant] had entered his guilty plea but prior to the imposition of sentence, he moved the district court to dismiss his indictment because the transfers ... violated the ... IAD" (*United States v. Boso*, 862 F.2d 870 (4th Cir., 1988)); the defendant "was not aware" of the IAD error when he pleaded guilty (*Camp v. United States*, 587 F.2d 397, 400 (8th Cir., 1978)); and/or the "defendant, after pleading guilty without reservation, ... complain[ed] about violations of Article IV(e)" (*United States v. Palmer*, 574 F.2d 164, 166 (3rd Cir., 1978)). In the present case, prior to pleading guilty, the trial court had specified denied the petitioner's motion to dismiss charges in light of the alleged IAD error, the Kentucky Court of Appeals had affirmed the Lyon Circuit Court's denial of collateral relief on the IAD issue, and the present petition had been filed in federal court. Therefore, the petitioner's guilty plea was implicitly conditioned upon a reasonable belief that he would be unable to obtain relief on the IAD issue in state court. Therefore, we shall recommend that the respondent's motion to dismiss be denied and that the respondent's motion for an extension of time to respond to the merits of the petition be granted.

In his response, the respondent should pay particular attention to the Sixth Circuit holding that the anti-shuttling provision, like other IAD provisions, applies only to prisoners who have "entered upon a term of imprisonment." *Jenkins v. United States*, 394 F.3d 407, 413 (6th Cir., 2005). A prisoner has not entered a term of imprisonment, and therefore the IAD is not triggered, until he has been transferred to the state facility to which he is ultimately assigned, not the local facility in which he sits awaiting transfer to that facility. Id. In addition, the IAD does not apply to pre-trial

detainees, only to those prisoners who have begun serving their state sentence. *United States v. Forrest*, 402 F.3d 678, 685 (6th Cir., 2005). Accordingly, the respondent should submit a chronological summary of the state court proceedings and any legal argument from which this court may draw an informed conclusion as to whether the petitioner entered upon a term of imprisonment that triggered applicability of the anti-shuttling provision.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the respondent's motion to dismiss (Docket Entry No. 16) be DENIED. It is further recommended that the respondent be ordered to respond to the merits of the petition within forty-five (45) days of entry of an Order adopting this report and denying the motion to dismiss.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140 (1985).