## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**ANTHONY L. SMITH**
    Petitioner

**v.**                                                                           **No. 5:06CV-00183-R**

**THOMAS SIMPSON, Warden**
    Respondent

### MEMORANDUM OPINION AND ORDER

This matter is before the court upon the respondent's objections to the magistrate judge's report and recommendation. The report is at Docket Entry No. 19, and the objections are at Docket Entry No. 21. The court has conducted a <u>de novo</u> review of the magistrate judge's report in view of the respondent's objections to the report and the record as a whole. The court concludes that the magistrate judge's report should be accepted in part and rejected in part and, therefore, the petition for writ of habeas corpus should be denied.

On or about May 15, 2007, the petitioner entered into an unconditional plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), in the Jefferson Circuit Court to charges of bribery of a public servant (State Court Record, Docket Entry No. 16). The petitioner claims that his federal rights were violated by the state court's refusal to dismiss charges pursuant to the so-called "anti-shuttling" provision of Section 2, Article IV(e) of the Interstate Agreement on Detainers (IAD).

In general terms, an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir., 1981), the Sixth Circuit applied the foregoing

"waiver" rule in the context of an IAD claim, to-wit *(internal citations and quotations omitted)*:

> A valid guilty plea is generally regarded as a waiver of all nonjurisdictional defects or errors. This rule has been applied in the context of claims under the IAD. *United States v. Palmer*, 574 F.2d 164, 167 (3d Cir.), cert. denied, 437 U.S. 907, 98 S.Ct. 3097, 57 L.Ed.2d 1138 (1978) ("(T)he violation of a statutory provision such as Article IV(e) is not sufficiently important to deny a court jurisdiction to entertain a guilty plea where the defendant fails to raise the issue in a timely manner.") It should be noted that in *Palmer*, which the district court entirely adopted, the defendant was the apparent beneficiary of a plea bargain. See 574 F.2d at 166 n. 3. One reading of *Palmer* is that a defendant is barred from asserting a possible IAD violation after a plea, when defendant has made a "rational and voluntary decision to accept the benefits of pleading guilty." Id. at 166.

As outlined in the magistrate judge's report, prior to pleading guilty, the petitioner presented the IAD issue to the trial court (i.e., the Jefferson Circuit Court) and independently to the Lyon Circuit Court in the context of a state habeas corpus petition. In contrast, Mr. Kowalak, in the cited case, "first raised his IAD claim after he had entered a plea of guilty and had been sentenced." *Kowalak*, supra. Therefore, the court held in *Kowalak* that the petitioner waived his IAD claim in two independent manners. First, he failed to raise the IAD claim to the trial court prior to entering his plea of guilty and, thereby, committed a procedural default. Secondly and notwithstanding the procedural default, he waived all "nonjurisdictional defects or errors" by entering his unconditional plea of guilty.

The respondent's second objection pertains to the first level of waiver recognized in *Kowalak*, i.e., that the petitioner waived his IAD claim by failing to fully exhaust his state court remedies when he failed to file a direct appeal of his guilty plea. The court concludes that the objection is without merit because the record reflects that, as part of his guilty plea, the petitioner specifically waived his right to file a direct appeal (Docket Entry No. 16, Part 3). The magistrate judge correctly concluded that, by raising the IAD issue before the trial court prior to his

unconditional plea of guilty and in the context of his state habeas corpus petition, the petitioner fully and adequately exhausted the IAD issue. Unlike Mr. Kowalak, the petitioner in the present case did not waive his IAD claim by committing a procedural default.

The respondent's fourth objection pertains to the second level of waiver described in *Kowalak*. The respondent argues that the petitioner waived his IAD claim by entering into an unconditional guilty plea. The court concludes that the objection has merit. *Kowalak* held that entering into an unconditional plea of guilty constitutes "the sort of affirmative request to be treated in a manner contrary to the procedures prescribed by Article IV(c) or (e) that may constitute a voluntary waiver of IAD rights." *Kowalak*, supra, at p. 537. The court concludes that the petitioner waived his IAD claim on or about May 15, 2007, when, notwithstanding the absence of a procedural default, he entered into an unconditional plea of guilty in the Jefferson Circuit Court.

Accordingly, it is hereby ORDERED as follows:

1. The magistrate judge's report (Docket Entry No. 19) is ADOPTED in part and REJECTED in part.

2. The respondent's motion to dismiss (Docket Entry No. 16) is GRANTED.

3. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

4. The petitioner is DENIED a certificate of appealability pursuant to 28 U.S.C. § 2253(c) in light of the analysis of each issue contained in the magistrate judge's report and in the present opinion and order.

5. The petitioner is DENIED leave to appeal to the Court of Appeals in forma pauperis pursuant to 28 U.S.C. § 1915(a) because such appeal would be frivolous and not be taken in good faith.

6.  The petitioner shall direct any further request for a certificate of appealability or for appeal <u>in forma pauperis</u> to a judge of the United States Court of Appeals for the Sixth Circuit pursuant to the requirements of Fed.R.App.P. 22(b) and 24, respectively.

7.  This is a final and appealable order, and there is no just cause for delay.